Filed 12/30/21  P. v. Justice CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094152 |
| v. | (Super. Ct. No. 20CR002930) |
| JOHN MATTHEW JUSTICE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Matthew Justice, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will direct the trial court to correct the abstract of judgment.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The People charged defendant with assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b) - count I),[1] shooting at an inhabited dwelling (§ 246 - count II),

---

[1]  Undesignated statutory references are to the Penal Code.

discharge of firearm with gross negligence (§ 246.3, subd. (a) - count III), assault with a firearm (§ 245, subd. (a)(2) - count IV), and possession of a firearm by a felon (§ 29800, subd. (a)(1) - count V).  As to each count, the People also alleged defendant had four prior serious felony convictions (§ 667, subd. (a)(1)) that also constituted prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).  As to counts I through IV, the People alleged defendant had personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).)  And as to count IV, the People alleged defendant personally used a firearm.  (§ 12022.5, subd. (a).)

Defendant pleaded no contest to count I, admitted one prior strike conviction, and admitted the great bodily injury allegation.  The agreement included a maximum sentence of 15 years in state prison and dismissal of the outstanding counts and allegations.  The parties stipulated the factual basis for the plea could be found in Tehama County Sheriff's Department report No. 20-2045, which explained that defendant had fired a handgun at the door of an occupied hotel room, striking the victim in the chest.

The trial court sentenced defendant to the middle term of six years, doubled for the prior strike, plus three years for the great bodily injury enhancement, for a total sentence of 15 years.  The trial court imposed a $1,200 restitution fine (§ 1202.4), a $1,200 parole revocation fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).  Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we note that the abstract of judgment must be corrected. Defendant admitted the great bodily injury enhancement allegation, making his offense a violent felony, which was noted during the plea colloquy. (§ 667.5, subd. (c)(8).) Thus, in section one of the abstract of judgment, the box for "violent felony" should be checked. We will direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to identify defendant's conviction as a violent felony and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                              /S/
                                       MAURO, J.


We concur:


    /S/
ROBIE, Acting P. J.


    /S/
RENNER, J.

3